[No. 5182.  Decided December 20, 1904.]

ANNIE EVENDEN WHITE, *Appellant,* v. THE SEATTLE,
EVERETT & TACOMA NAVIGATION COMPANY
*et al., Respondents.*[1]

CARRIERS—PASSENGERS—ROUND-TRIP TICKET—INJURY ON WHARF
WHILE WAITING FOR RETURN.  One who buys a round-trip ticket for
passage upon a boat, and is injured while waiting upon the com-
pany's dock for the arrival of the boat to commence the return
trip, must be regarded as a passenger on the boat, and the law gov-
erning common carriers applies.

CARRIERS — NEGLIGENCE — INJURY TO PASSENGER — DEFECT IN
DOCK—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.  In an
action for personal injuries sustained in stepping through a hole
in the defendant's dock, while plaintiff was waiting to board de-
fendant's steamer, it is error to find that the defendants were not
guilty of negligence, and that the plaintiff was guilty of con-

[1]Reported in 78 Pac. 909.

tributory negligence, from the fact that the hole was not in a direct line from the entrance to the dock and the landing place, where it appears that the dock was about 100 by 80 feet in size, that the boat, as plaintiff well knew, landed near the center of the west side, that the hole, two feet long by four and one-half inches wide, was near the southwest corner of the dock, that the plaintiff, while waiting for the steamer, instead of going to the waiting room, walked about the dock within boundaries well defined by stringers, and stepped into the hole, in the dark, the place being one which passengers commonly frequented, and only about thirty feet from a straight line between the waiting room and landing place; since it is the duty of a carrier to maintain its dock in a reasonably safe condition, and passengers do not commonly confine themselves to any particular space while waiting in such places.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 4, 1904, upon findings in favor of the defendants, after a trial on the merits before the court, a jury being waived, dismissing an action for personal injuries sustained by a passenger in stepping through a hole in the floor of the dock.   Reversed

*McClure & McClure,* for appellant.

*Preston, Carr & Gilman, James M. Gephart,* and *Ira Bronson,* for respondents.   Appellant after passing the waiting room became a mere trespasser.   Watson on Damages, § 284; *Gibson etc. Co. v. Sziepienski,* 37 Ill. App. 601; *Ritz v. City of Wheeling,* 45 W. Va. 262, 31 S. E. 993; *Dobbins v. Missouri etc. R. Co.,* 91 Tex. 60, 41 S. W. 62, 66 Am. St. 856, 38 L. R. A. 573.   She assumed the risk in going to a place not intended for visitors.   *Zoebisch v. Tarbell,* 10 Allen 385, 87 Am. Dec. 660; *McEachren v. Boston etc. R. Co.,* 150 Mass. 515, 23 N. E. 231; *Vanderbeck v. Hendry,* 34 N. J. L. 467; *Wood v. Leadbitter,* 13 M. & W. 838. Appellant could only recover by proof of a custom to board boats at the south-

west corner of the dock. *Farley v. Cincinnati etc. R. Co.*
108 Fed. 14. The appellant was guilty of contributory
negligence in going to a place not intended for the use
of the passengers. *Grand Tower etc. Co. v. Hawkins,*
72 Ill. 387; *Reeves v. French,* 20 Ky. Law 220, 45 S. W.
771, 46 S. W. 217; *Brady v. Pettyman,* 193 Pa. St. 628,
44 Atl. 919; Watson on Damages, § 261; *Reynolds v.
Hindman,* 32 Iowa 146; 1 Thompson, Negligence, 303;
*Dobbins v. Missouri etc. R. Co., supra.*

DUNBAR, J.—This is an action for personal injuries
alleged to have been sustained. Appellant, who was resid-
ing in Seattle, had gone to Edmonds on one of the morn-
ing trips of the steamer City of Everett, and, having
paid for a round trip, had a return ticket to Seattle from
Edmonds. About eight o'clock on the evening of Jan-
uary 3, 1903, she went to the dock with the intention
of returning on said steamer, expecting to take passage
when the steamer arrived at Edmonds at 8 :15. The
night was dark, and she was accompanied by Guy
Kingsbury, who carried a lantern. They reached the
dock before the steamer arrived. After walking about
the dock for a while, they went to the southwestern cor-
ner of the dock, and there appellant sat down upon
the stringer running around the outer edge of the dock,
while Mr. Kingsbury stood near, holding the lantern.
While sitting there, the boat whistled, and appellant,
stepping forward, stepped into a hole in the floor of the
dock, some two feet long and four or four and a half
inches wide, with such force as to jam her right foot
and leg into the hole, and up to her knee. The floor
of the dock had to be pried up to release her, and the
damages she suffered were the result of this accident.
Suit was brought for the sum of $3,125.

The dock was about eighty by one hundred feet in size. A diagram in the briefs of both appellant and respondents, and the testimony, show that the dock was about one hundred feet from north to south. About the center of the west side of the dock, the steamers land. A water tank about ten feet wide is in the center of the dock, the steamers landing, when going north, on the north side of the water tank, and when going south, on the south side of the tank, leaving a space of about ten feet between the water tank and the end of a rack of wood, both on the north and south of the water tank. On the south side of the water tank, this rack of wood is about thirty feet long and eight feet wide, extending within twelve or fifteen feet of the south side of the dock. Another rack of wood of the same description was located on the south margin of the dock, about eighteen inches from the extreme southern portion of the dock, commencing some twelve or fifteen feet from the southwest corner of the dock, leaving a space between the nearest edges of the two different racks of wood of about eight feet, and a space inside of the dock and between the two racks of wood of from twelve to fifteen feet. It was in this space, between the south end of the rack of wood on the west side of the dock and the west end of the rack on the north side of the dock, that the accident occurred.

We think it must be conceded that the appellant was a passenger on the boat, and the law governing the duties of common carriers must be applied in her case. The testimony in the case is not very extensive, and concerning the facts there is very little dispute. The record shows that they were about as stated above. A jury was waived, and the cause was tried by the court. The

court found, that there was a waiting room located upon the dock; that the plaintiff went upon the dock for the purpose of embarking upon the steamer; that it was a dark, rainy night; that, instead of stopping at the waiting room, she passed between the said wood racks to the southwest corner of the dock; that she did not go to that corner for the purpose of taking the said boat at that place under a misapprehension as to the place where she would have to go to take the boat; that she knew well where the boat was to land, and where she would have to be in order to take the boat as a passenger, and that, in going around to the southwest corner of the dock, she was simply doing so for her own pastime; that in doing so she was guilty of gross negligence, which greatly contributed to her injury; that defendants were not guilty of negligence. As conclusions of law, the court found that judgment should be entered in favor of the defendants, and judgment was so entered. Hence this appeal.

We cannot understand upon what theory the court found that the defendants were not guilty of negligence. The law is too well settled to necessitate citing of authority that it is the duty of common carriers, whether of steamboats or railroads, to keep in reasonably safe condition wharves, docks, or platforms upon which passengers are invited for the purpose of boarding said cars or boats. The maintaining of a dock with a hole in it the size of the hole which was conceded to be in this dock was certainly negligence, for it was a peril to any one frequenting that portion of the dock.

Nor do we think that the appellant was guilty of contributory negligence in going to that portion of the dock to which she did go, under the circumstances. The testimony shows that it was common for passengers wait-

ing for the boat to frequent that part of the dock where the plaintiff was injured, and that it was frequented as much as any other part of the dock; and it is a matter of common observation and knowledge that people generally, while waiting for boats, move around more or less on different portions of the docks and platforms used by boats for taking on passengers, and do not confine themselves to any particular space directly in front of the entrance slip, or to the regulation little, stuffy, untidy waiting rooms which generally occupy some portion of the wharf. It would be impracticable and wrong, in the face of custom and of human nature, to hold that any one who deviated from a direct line from the entrance to a dock to the entrance of a boat was guilty of contributory negligence in case of an injury; and, if the theory of the respondents here is correct, any deviation at all which was unnecessary would constitute such negligence. The boundaries of this dock were well defined by the stringers or wall upon which the appellant sat, and which she testified was about two feet high. Her deviation from the straight line between the waiting room and the entrance slip to the boat was only about thirty feet. We think she had a right to rest on the presumption that the dock was maintained in such a way that it could be traversed without imperiling life or limb. It seems to us that the honorable trial court committed error in dismissing the action, and the judgment will, therefore, be reversed, with instructions to grant a new trial.

FULLERTON, C. J., and ANDERS, MOUNT, and HADLEY, JJ., concur.